IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMY J. SMITHSON,<br>*Plaintiff* | § § § | |
| | § | SA-21-CV-01225-XR |
| -vs- | § § | |
| UNION PACIFIC RAILROAD<br>COMPANY,<br>*Defendant* | § § § § | |

# ORDER

On this date, the Court considered Defendant's motion to dismiss (ECF No. 9), Plaintiff's response (ECF No. 14), and Defendant's reply (ECF No. 17). After careful consideration and holding a hearing on the motion, the Court issues the following order.

## BACKGROUND

### I. Facts

Plaintiff Jimmy Smithson ("Smithson") brings an employment-discrimination action against Defendant Union Pacific Railroad Company ("Union Pacific"), alleging disability discrimination based on disparate treatment, disparate impact, and failure to accommodate under the Americans with Disabilities Act ("ADA"). ECF No. 1. Specifically, Smithson alleges that Union Pacific discriminated against him and failed to accommodate his color-vision deficiency when it removed him from service as a conductor on March 7, 2018. *Id.* at 6. Smithson was removed from service after he failed the Ishihara color-vision test during his required Federal Railroad Administration ("FRA") conductor certification, which required him to undergo Union

1

Pacific's fitness-for-duty evaluation.[1] *Id.* During the fitness-for-duty evaluation, Smithson failed a color-vision field test known as the Light Cannon Test. *Id.* This led to Union Pacific assigning him permanent work restrictions that prevented him from working as a conductor. *Id.*

After his March 2018 removal from service, Smithson eventually returned to work in Union Pacific's mechanical department in January 2019. *Id.* at 7. However, on July 10, 2019, Smithson was furloughed when his position in the mechanical department was abolished. *Id.* Smithson remains a Union Pacific employee on unpaid medical leave. *Id.*

## II.     Procedural History

On February 19, 2016, several Union Pacific employees who had also been removed from service following a fitness-for-duty evaluation filed a Complaint against Union Pacific, alleging that certain components of Union Pacific's fitness-for-duty program violated the ADA and the Genetic Information Nondiscrimination Act. *See Harris v. Union Pac. R.R. Co.*, No. 8:16-CV-381 (D. Neb.). The *Harris* Plaintiffs' First Amended Complaint asserted disparate treatment and disparate impact claims on a class-wide basis. ECF No. 9-3 at 21–22. The *Harris* Complaint asserted failure to accommodate claims as well, but only on behalf of the named plaintiffs. Smithson alleges that he was a putative class member in the *Harris* case. *Id.* at 24.

On August 17, 2018, the *Harris* Plaintiffs moved for class certification, but only as to their disparate treatment claim. The District of Nebraska certified the *Harris* class. *See Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616 (D. Neb. 2019); ECF No. 9-5 at 22.

Meanwhile, on March 9, 2020, Smithson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 9-1. In his charge, Smithson asserts that Union Pacific discriminated against him on the basis of his disability by placing him under

---

[1]     Union Pacific enforces a company-wide fitness-for-duty program. ECF No. 1 at 4. The program requires employees to undergo a medical evaluation where they report, or Union Pacific suspects, that they have one of an enumerated list of medical or physical conditions. *Id.* One such condition is color-vision deficiency. *Id.*

medical restriction: "Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job. Union Pacific refused to return me to work until or about January 2019, when I returned to Union Pacific to work in the mechanical department." ECF No. 9-1 at 1. The charge makes no mention of his furlough on July 10, 2019. *See id.*

Shortly after Smithson filed his charge, on March 24, 2020, the Eighth Circuit reversed the district court's certification of the *Harris* class. *See Harris v. Union Pac. R.R. Co.*, 953 F.3d 1030 (8th Cir. 2020). The EEOC subsequently issued Smithson a right-to-sue notice on October 25, 2021. *See* ECF No. 1 at 4. Smithson filed his Complaint in this Court on December 13, 2021. *Id.* at 1.

Union Pacific moves to dismiss Smithson's disparate-impact and failure-to-accommodate claims pursuant to Federal Rule of Procedure 12(b)(6). They argue that the applicable limitations periods as to those claims have expired. Smithson opposes dismissal, arguing that the limitations period was tolled by the *Harris* class action.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a

3

short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."). Further, "[a] motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-

barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

## II.     Analysis

Union Pacific moves to dismiss Smithson's disparate-impact and failure-to-accommodate claims, arguing that they are time-barred. Specifically, Union Pacific argues that because the *Harris* Plaintiffs did not move for certification as to their disparate-impact claim, any applicable tolling of the statute of limitations ended on August 17, 2018, the date the *Harris* Plaintiffs moved for certification. Second, Union Pacific contends that Smithson's failure-to-accommodate claim is time-barred because he has failed to plead or exhaust any discrete acts occurring less than 300 days before his EEOC charge was filed.

### A.    Tolling ceased as to Smithson's disparate-impact claim when the *Harris* Plaintiffs moved for class certification.

Smithson's disparate-impact claim is time-barred unless it is subject to tolling. "To bring a suit under . . . the ADA . . . a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). The charge must be filed "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).[2] Here, the charge was filed March 9, 2020—approximately two years after Smithson's March 2018 removal from service, the alleged discriminatory act.

Smithson asserts that the *Harris* class action tolled the limitations period as to both his disparate-impact and disparate-treatment claims. The timely filing of a class action tolls the running of the applicable statute of limitations for putative class members' claims until a court's ruling on whether to certify the class. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 560–61

---

[2]     Though this statutory provision comes from Title VII, the ADA incorporates Title VII's administrative procedures. 42 U.S.C. § 12117.

(1974). In *American Pipe*, the Court reasoned that tolling should apply in such circumstances as it furthers the purpose of class actions under Rule 23—to promote efficiency and economy of litigation—without defeating the purpose of the statute of limitations—ensuring the defendant fairness by putting her on notice of the claims against her and barring a plaintiff who has slept on her rights. *See id.* at 553–55.

The Parties do not, at this stage in the litigation, dispute that *American Pipe* tolling applies to Smithson's disparate-treatment claim. However, Union Pacific argues that *American Pipe* tolling ended as to Smithson's disparate impact claim on August 17, 2018, because the *Harris* Plaintiffs abandoned the class-wide disparate impact claim when they filed their motion for class certification only on the issue of disparate treatment. Thus, Union Pacific contends, Smithson was required to file his charge with the EEOC on or before June 13, 2019—300 days after the motion for class certification was filed.

The Court agrees with Union Pacific and concludes that *American Pipe* tolling ended for Smithson when the *Harris* Plaintiffs voluntarily abandoned the class-wide disparate-impact claim at the certification stage. Once a court denies certification or decertifies a class, the applicable limitations period is triggered because "the putative class members have no reason to assume that their rights are being protected." *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 376 (5th Cir. 2013) (quoting *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520 (5th Cir. 2008)) (alterations removed). While *Hall* was decided in the context of a court's decision to vacate class certification rather than the litigants' election to abandon a class-wide claim, its reasoning is applicable here. *See Carrillo v. Union Pac. R.R. Co.*, No. EP-21-CV-26-FM, 2021 WL 3023407, at *5 (W.D. Tex. July 16, 2021). Once the *Harris* Plaintiffs moved only to certify the disparate-treatment claim, the putative class members—including Smithson—had no reason

to assume that their rights were being protected as to any other ADA-related claim. Though both claims arise under the ADA, disparate treatment and disparate impact are two separate causes of action, requiring different evidence to prove different elements of each claim. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). Thus, there was no reason for Smithson to presume that because his disparate-treatment claim was still pending in *Harris*, his disparate-impact claim was being preserved by that action.

Still, Smithson contends that *American Pipe* tolling extended until the Eighth Circuit decertified the *Harris* class action because the *Harris* action gave Union Pacific notice of Smithson's disparate-impact claim. Smithson and Union Pacific disagree as to whether *American Pipe* tolling requires complete identity of claims asserted in the class action and those asserted in the subsequent case. Smithson argues that the proper analysis in applying *American Pipe* tolling "is whether the claims in the class action share a common factual and legal nexus with the claim in the subsequent individual action," and, thus, the claims need not be identical. ECF No. 14 at 7–8. Union Pacific takes the opposite position—that for *American Pipe* tolling to apply, the putative class member must assert "the exact same cause of action" as the named plaintiffs who brought the class action. ECF No. 9 at 10.

The rationale of *American Pipe* does not support tolling Smithson's disparate impact claim after August 17, 2018, the date that the *Harris* Plaintiffs moved for class certification and abandoned the class-wide disparate-impact claim. The Supreme Court has confirmed that the outcome in *American Pipe* "depended heavily on the fact that" the putative class member asserted "exactly the same cause of action" as the named plaintiff who originally brought the class action. *Johnson v. Ry. Express Agency*, 421 U.S. 454, 467 (1975). The Court further explained that "[o]nly where there is complete identity of the causes of action" will the defendant

7

have been effectively placed on notice of the claims against it so as to protect itself against "the loss of evidence, the disappearance and fading memories of witnesses, and the unfair surprise that could result from a sudden revival of a claim that long has been allowed to slumber." *Id.* at n.14. Indeed, Justice Powell further cautioned that *American Pipe* "should not be read . . . as leaving a plaintiff free to raise different or peripheral claims following denial of class status." *Crown, Cork & Seal, Co., Inc. v. Parker*, 462 U.S. 345, 354 (Powell, J., concurring). As discussed, disparate treatment and disparate impact are different causes of action. Therefore, the Court concludes that *American Pipe* tolling ceased as to Smithson's disparate impact claim when the *Harris* Plaintiffs voluntarily abandoned their class-wide disparate-impact claim in their motion for class certification.

Even assuming *American Pipe* tolling does not require complete identity of the class claims and the subsequent individual claims, the Court would nonetheless conclude that Smithson's disparate-impact claim is time-barred. Once the *Harris* Plaintiffs abandoned the class-wide disparate-impact claim, Union Pacific did not have fair notice of Smithson's disparate-impact claim simply because the class-wide disparate-treatment claim proceeded. The Supreme Court has "consistently recognized a distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact." *Raytheon Co.*, 540 U.S. at 52. "Liability in a disparate-treatment case 'depends on whether the protected trait . . . actually motivated the employer's decision." *Id.* (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993)) (alteration in original). Disparate-impact claims, on the other hand, "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id.* (quoting *Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). Thus,

Smithson's disparate-impact claim requires him to prove wrongful conduct that is distinct from the showing he must make to support his disparate-treatment claim. *Id.* at 53 ("the factual issues, and therefore the character of the evidence presented, differ when the plaintiff claims that a facially neutral employment policy has a discriminatory impact on protected classes") (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252 n.5 (1981)). As such, the *Harris* class-wide disparate-treatment claim could not have provided Union Pacific fair notice of Smithson's disparate-impact claim, and *American Pipe* tolling did not extend after the *Harris* Plaintiffs abandoned the class-wide disparate-impact claim. *See, e.g.*, *Aguilar v. Ocwen Loan Serv. LLC*, No. 3:17-cv-1165-B, 2018 WL 949225, at *6 (N.D. Tex. Feb. 20, 2018) (concluding plaintiffs are not entitled to *American Pipe* tolling where the differing individual claims "require the plaintiffs to prove . . . wrongful conduct different from what [the class claim]" requires). Smithson's disparate-impact claim is, therefore, time-barred and must be dismissed.

**B. Smithson's failure-to-accommodate claim is time-barred.**

Smithson also alleges that Union Pacific failed to accommodate him when it removed him from service in March 2018. Smithson asserts that the March 2020 charge is timely as to his failure-to-accommodate claim because, since his July 10, 2019, furlough, Union Pacific has "utterly failed in its continuing obligation to engage in the interactive process with Plaintiff."[3] ECF No. 14 at 14.

When an employer denies its employee a reasonable accommodation, it is considered a discrete discriminatory act. *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th

---

[3] While Smithson does not rely on *American Pipe* tolling to argue that his failure to accommodate claim is timely, he "does not concede" that the cause of action is "not subject to class-action tolling." ECF No. 14 at 14. However, *American Pipe* tolling does not save Smithson's failure-to-accommodate claim for the same reasons it does not save his disparate-impact claim. *See Donahue v. Union Pac. R.R. Co.*, No. 21-cv-00448-MMC, 2021 WL 2458351, at *2 (N.D. Cal. June 16, 2021) (concluding that the *Harris* action did not give Union Pacific fair notice of a plaintiff's failure-to-accommodate claim).

Cir. 2005). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Smithson's removal from service in March 2018 occurred more than 300 days before Smithson ultimately filed his EEOC charge; therefore, Smithson's failure to accommodate claim is time-barred.[4]

Smithson, however, argues that each day Union Pacific fails to engage in an interactive process to accommodate his disability is a new, discrete discriminatory act because "ADA compliance requires an employer to engage in an interactive process with an employee who requests an accommodation for her disability to ascertain what changes could allow her to continue working. . . . This should be an ongoing, reciprocal process[.]" *Dillard v. City of Austin*, 837 F.3d 557, 562 (5th Cir. 2016). While the ADA requires an interactive process, "an employer standing by a prior denial after an employee requests reconsideration neither constitutes a discrete act nor extends the filing period." *Das v. Am. Airlines, Inc.*, No. 4:19-CV-870-A, 2020 WL 364264, at *3 (N.D. Tex. Jan. 21, 2020) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 n.15 (1980) ("Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws.")); *see also Profit v. Klein Indep. Sch. Dist.*, No. H-14-0850, 2015 WL 3866720, at *9–10 (S.D. Tex. June 23, 2015) (holding that an employee's second request for accommodation was "merely a reiteration" of her earlier request and "not

---

[4] While Smithson's July 2019 furlough took place in the 300 days preceding his EEOC charge, the charge makes no mention of the furlough. *See* ECF No. 9-1. Because the furlough was not presented in the charge, to the extent Smithson claims that the furlough was discriminatory, he has not exhausted such a claim. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 276 (5th Cir. 2008) ("Courts should not condone lawsuits that exceed the scope of EEOC exhaustion . . . ."). Further, at the hearing on this matter, Plaintiff's counsel represented to the Court that "Plaintiff is not alleging that the decision to furlough him [in July 2019] was connected to the discriminatory act." Hearing Tr. 43:4–12.

independently discriminatory" such that it extended the limitations period). Here, Smithson complains that Union Pacific keeping in place the medical restrictions it imposed on him in March 2018 failed to accommodate his alleged disability. However, this is not a discrete act that would extend the filing period. Thus, Smithson's failure-to-accommodate claim is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Union Pacific's motion to dismiss (ECF No. 9) is **GRANTED**. Plaintiff's disparate-treatment claim remains pending.

It is so **ORDERED**.

**SIGNED** this 11th day of May, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE